Porter, J.
delivered the opinion of the court. The petitioner purchased of the defendant a plantation and slaves for $90.000, payable at several instalments. Some time after the sale, he imagined he had discovered a defect in the title of his vendor, and he, in consequence, instituted this action, in which he averred that he was threatened with a suit at law, and prayed that three of his notes which he had given in payment, and which were then deposited in the branch bank of the United States, should be enjoined, and *504 their circulation prohibited, until his right to the property was made secure.
East'n District.
Dec. 1822.
The defendant pleaded the general issue; there was judgment in his favor, and the plaintiff appealed.
According to the statements in the petition it appears, that the appellant is apprehensive of the claim of the heirs and legatees of Edward Pearce, deceased. To remove all disquiet on this head, the appellee has produced the last will and testament of Pearce, in which he has instituted the defendant his universal heir. On the validity of this instrument depends the right of the parties before us.
It is a nuncupative act, under private signature, executed in the country in the presence of five witnesses, most of whom were non-residents of the place where it was made. Three of them swear, that they were present when the will was executed, and that they do not think it was possible to procure more witnesses. The circumstances which they give as a reason of this belief, renders the fact quite probable, and in our opinion fully satisfies the provisions of the Code, 228-98, which declares that in the country it is sufficient for the validity of nuncupative acts, under private signa *505 ture, if they are passed in the presence of three witnesses residing in the place where the testament is received, or of four residing out of it.
Livingston for the plaintiff, Moreau for the defendant.
The judgment of the district court is therefore affirmed with costs.